UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID D'ORAZIO,

                              Plaintiff,            19 Civ.     ( )
                                                         ECF CASE

  -against-

                                                         **COMPLAINT**

LONG ISLAND RAIL ROAD,

                              Defendant.
-----------------------------------------------------------X

**PLAINTIFF DEMANDS TRIAL BY JURY**

     Plaintiff, by his attorneys, The Maurer Law Firm, PLLC, complains of the Defendant and alleges:

**NATURE OF ACTION**

     1.     The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

**JURISDICTION**

     2.     This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51. Venue properly lies in this Court pursuant to 45 U.S.C. §56.

**PARTIES**

     3.     The plaintiff resides in Nesconset, NY 11767

     4.     The defendant, Long Island Rail Road, is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant railroad as a Train Director.

7. At the time the plaintiff received the injuries complained of, the defendant railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. At all times relevant, defendant maintained, operated and controlled a railroad facility known as Divide Tower in Hicksville, N.Y.

9. At all times relevant, plaintiff worked at Divide Tower, in Hicksville, N.Y. performing his duties as a Train Director.

10. At all times relevant, Divide Tower had an exterior steel door on the North side leading from the tower to track level.

11. At all times relevant, the exterior steel door on the North side of Divide Tower was not properly maintained and was in need of repair and/or replacement.

12. On March 5, 2019, while the Plaintiff, an employee of the Defendant, was performing his assigned duties as a Train Director at defendant's Divide Tower, plaintiff noticed a draft and observed that the North side exterior steel door of Divide Tower was not fully closed. Plaintiff attempted to close the door and experienced some resistance. As plaintiff attempted to close the door a second time, he sustained an injury to his left shoulder.

## *AS AND FOR A FIRST CAUSE OF ACTION*

13. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth under this cause of action.

14. At all times relevant, defendant Long Island Railroad owed plaintiff a duty to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or should have known pose a risk of occupational injury, and defendant had a duty to take steps to eliminate the risk of occupational injury pertaining to plaintiff's jobs, tasks and duties.

15. That on or about March 5, 2019, while the Plaintiff, an employee of the Defendant, was performing his assigned duties as a Train Director at defendant's Divide Tower, defendant, its agents, servants and employees, violated the provisions of the Federal Employers' Liability Act, 45 U.S.C. §51, et seq. by negligently and carelessly conducting themselves toward the Plaintiff: in failing to provide Plaintiff with a reasonably safe place to work; in failing to inspect, maintain and repair the Divide Tower North side exterior steel door; and, in failing and neglecting to enact and enforce safety, operating and maintenance rules, regulations, procedures, and practices for activities carried out by its personnel at the said place which would have prevented plaintiff's injury, and that all of the foregoing brought about severe and disabling injuries to the Plaintiff.

16. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff suffered an occupational injury to his left shoulder that required him to undergo surgical repair on March 26, 2019, and which has and will continue to cause him to suffer: lost wages and benefits; impairment to earning capacity; medical expenses; permanent disfigurement; permanent loss of use; pain, suffering and mental anguish.

17.   As a result of defendant's negligence as afore-claimed, plaintiff has sustained damages estimated by counsel to be in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant railroad, plaintiff demands a jury verdict and judgment against the defendant railroad on the first cause of action in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and plaintiff demands costs and post-judgment interest in addition to any further relief which the Court deems just and equitable.

Dated: Fishkill, New York
April 17, 2019

THE MAURER LAW FIRM, PLLC
Attorneys for Plaintiff

By: _____ # IM0337
Ira M. Maurer, Esq.
300 Westage Business Center Drive, Suite 360
Fishkill, N.Y. 12524
(845) 896-5295